# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Heidi K. Erickson, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Case No. 25 C 5249 |
| v. | ) | |
| | ) | Judge Charles P. Kocoras |
| | ) | |
| City of Macomb, Lake Behavioral Hospital and D. Marco, | ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

This case is dismissed without prejudice for failure to exhaust. Petitioner's motions for leave to proceed *in forma pauperis* [2], temporary restraining order [3], and any other pending motions, are denied as moot. Civil case terminated.

## STATEMENT

Petitioner Heidi K. Erickson, a patient at the Lake Behavioral Hospital, alleges that she was wrongfully arrested at her home in Macomb, Illinois on May 2, 2025. She further claims she was transported to the Lake Behavioral Hospital in Waukegan, Illinois against her will. She filed a *pro se* habeas corpus petition before the United States District Court for the Central District of Illinois on May 9, 2025. That Court transferred the case to this Court because she is detained in Waukegan, Illinois, in this Court's judicial district. (Dkt. 4.)

The case is dismissed for failure to exhaust available state court remedies. Petitioner must raise any challenge to her custody before the state courts before raising a Section 2241 habeas corpus petition in federal court. *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991); *Olsson v. Curran*, 328 F. App'x 334, 335–36 (7th Cir. May 7, 2009) (non precedential opinion); *Trammell v. Illinois*, 2019 WL 13248341, at *1 (N.D. Ill. 2019). The exhaustion requirement includes presenting the claim through one complete round of state court appellate review including via petition for leave to appeal before the Supreme Court of Illinois. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

2

    Petitioner alleges she was arrested on May 2, 2025, and brought the instant habeas corpus petition one week later on May 9, 2025. She could not have properly exhausted her claims before the state court in this limited period. She must give the state courts the first chance to address any concerns with her instant custody before raising claims in a habeas corpus petition before this Court.

    It is so ordered.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Judge

Dated: 5/14/2025