IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Heidi K. Erickson, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | 25 C 5249 |
| v. | ) | |
| | ) | Judge Charles P. Kocoras |
| | ) | |
| City of Macomb, Lake Behavior Hospital, and, D. Marco, | ) ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

Petitioner's notice of motion for July 1, 2025 [17], is stricken as the Court is resolving all pending motions in this order. There is no need for Petitioner to appear before the Court on July 1st. Petitioner's motion for reconsideration [8], temporary restraining order [9], and for oral argument and emergency motion [16] are denied. Petitioner is advised that this case is complete, and she should make no additional filings in this case other than a notice of appeal. Petitioner's motion to proceed *in forma pauperis* [14] is granted because she demonstrates she is impoverished. This case remains closed.

## STATEMENT

Petitioner Heidi K. Erickson filed this *pro se* habeas corpus petition alleging that she was wrongfully arrested from her home in Macomb, Illinois on May 2, 2025. She was a patient at the Lake Behavioral Hospital in Waukegan, Illinois when she filed her case a week after her arrest on May 9, 2025. As Petitioner was arrested one week prior, the Court dismissed the case without prejudice for failure to exhaust her available state court remedies. The Court understands that she has been released from the hospital and is homeless in Chicago. Dkt. # 9, at 5. Petitioner filed a pro se appearance and provided her email to the Court allowing her to receive ECF notices.

Petitioner now brings the timely motion for reconsideration of the Court's dismissal under Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. # 8. The motion does not suggest that the Court made a manifest error of law or fact in dismissing this case. *Barrington Music Prod., Inc. v. Music & Arts Ctr.*, 924 F.3d 966, 968 (7th

Cir. 2019). Instead, Petitioner attempts to effectively raise a new case against the Macomb city officials responsible for her arrest under 42 U.S.C. § 1983. Dkt. # 8.

This is improper for three distinct reasons. First, a party cannot raise new arguments or claims in a Rule 59(e) motion for reconsideration. *Banister v. Davis*, 590 U.S. 504, 508 (2020). Second, Petitioner invoked habeas corpus and that is how the Court resolved this case. Petitioner cannot convert her case into a new civil rights suit. *Glaus v. Anderson*, 408 F.3d 382, 389 (7th Cir. 2005). Petitioner is advised that the Court is not: (1) making a final decision on the merits of her civil rights claims raised in her motion for reconsideration; (2) she must instead file her claim as a civil rights suit pursuant to the normal limitations on frivolous filings; and (3) refiling will result in consequences including being responsible for the filing fee. *Id*. at 389. Finally, Petitioner is advised that a civil rights suit challenging her arrest in Macomb, Illinois must be filed before the United States District Court for the Central District of Illinois. 28 U.S.C. § 1391(b).

Petitioner's motion for a temporary restraining order, Dkt. # 12, is denied because she seeks to enjoin the City of Macomb and its officials regarding her home in Macomb and her use of therapy animals. However, these issues relate to her Section 1983 claims that must be filed before the Central District of Illinois. This Court is an improper forum for these claims and the associated TRO request. Petitioner's motion for oral argument and emergency relief on her TRO request, Dkt. # 16, is also denied.

Petitioner's motion for leave to proceed *in forma pauperis*, Dkt. # 14, is granted because Petitioner has demonstrated that she is impoverished.

Petitioner's notice of motion for July 1, 2025, Dkt. # 17, is stricken as the Court is resolving all pending motions in this order. There is no need for Erickson to appear before the Court on July 1st. Petitioner is advised that this case is complete, and she should make no additional filings in this case other than a notice of appeal. This case remains closed.

It is so ordered.

Charles P. Kocoras
United States District Judge

Dated: 6/26/2025